**JORDAN B. DEFLORA, ESQ.**
**930 Sylvan Avenue, Suite 110**
**Englewood Cliffs, New Jersey 07632**
**Telephone: (201) 708-9921**
**Attorney for Defendant/Third Party Plaintiff**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DLT INTERNATIONAL LP, <br><br> Plaintiff <br><br> vs. <br><br> KENNEDY FUNDING FINANCIAL, LLC <br><br> Defendant/Third Party Plaintiff <br><br> vs. <br><br> DEAN THOMAS AND PAUL TELFER <br><br> Third Party Defendants | Civil Action No.: 2-16-cv-00794-WJM-MF <br><br><br><br><br> **ANSWER, COUNTERCLAIM, AND THIRD PARTY COMPLAINT** |

Defendant/Third Party Plaintiff, Kennedy Funding Financial, LLC ("KFF"), with a place

of business at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey 07632, by way of

Answer to the Complaint of Plaintiff, DLT International, LP ("DLT"), hereby states as follows:

### NATURE OF ACTION

1.      Defendant denies the allegation contained in paragraph one (1), except admit that the parties executed a Loan Commitment, the terms and conditions of which speak for themselves and provide the best evidence of its contents.

2.      Defendant denies the allegations in paragraph two (2), except admits that it received commitment fees in connection with the transaction.

3.      Defendant is without knowledge or information sufficient to form a belief as to the reasoning behind this lawsuit and deny all other allegations in paragraph three (3).

**PARTIES**

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph four (4), and therefore deny same.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph five (5), and therefore deny same.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph six (6), and therefore deny same.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven (7), and therefore deny same.

8.      Defendant denies the allegations contained in paragraph eight (8).

9.      Defendant admits the allegations contained in paragraph nine (9).

10.      Defendant admits the allegations contained in paragraph ten (10).

## JURISDICTION AND VENUE

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph eleven (11) and therefore denies same.

12. Defendant admits the allegations contained in paragraph twelve (12).

13. Defendant admits the allegations contained in paragraph thirteen (13).

## FACTS COMMON TO ALL COUNTS

14. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph fourteen (14) and therefore denies same.

15. Defendant admits the allegations contained in paragraph fifteen (15).

16. Defendant admits the allegations contained in paragraph sixteen (16).

17. Defendant denies the allegations contained in paragraph seventeen (17), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

18. Defendant denies the allegations contained in paragraph eighteen (18), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

19. Defendant denies the allegations contained in paragraph nineteen (19), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

20. Defendant denies the allegations contained in paragraph twenty (20), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

21.     Defendant denies the allegations contained in paragraph twenty one (21), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

22.     Defendant denies the allegations contained in paragraph twenty two (22), except admits that Plaintiff represented that Ritz owned the proposed collateral for the loan.

23.     Defendant denies the allegations contained in paragraph twenty three (23), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

24.     Defendant denies the allegations contained in paragraph twenty four (24), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

25.     Defendant denies the allegations contained in paragraph twenty five (25), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

26.     Defendant denies the allegations contained in paragraph twenty six (26), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

27.     Defendant denies the allegations contained in paragraph twenty seven (27), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

28.     Defendant denies the allegations contained in paragraph twenty eight (28), except admits that the Loan Commitment is a document executed by the Plaintiff the terms and conditions of which speak for itself and provide the best evidence of its content.

29.    Defendant denies the allegations contained in paragraph twenty nine (29), except admits that Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

30.    Defendant denies the allegations in paragraph thirty (30).

31.    Defendant denies the allegations contained in paragraph thirty one (31), except admits receipt of $89,965.00 on March 5, 2012.

32.    Defendant denies the allegations contained in paragraph thirty two (32), except admits that Plaintiff was provided a loan offer on March 20, 2012.

33.    Defendant denies the allegations contained in paragraph thirty three (33), except admits that the report of American Property Research is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

34.    Defendant denies the allegations contained in paragraph thirty four (34), except admits that the letter of March 20, 2012 is a document the terms and conditions of which speak for itself and provide the best evidence of its contents.

35.    Defendant denies the allegations contained in paragraph thirty five (35), except admits Plaintiff accepted the loan offer on March 27, 2012.

36.    Defendant denies the allegations contained in paragraph thirty six (36), except admits the letter of March 27, 2012 is a document the terms and conditions of which speak for itself and provide the best evidence of its contents.

37.    Defendant denies the allegations contained in paragraph thirty seven (37), except admits that Defendant received $9,975.00 on March 29, 2012.

38.    Defendant denies the allegations contained in paragraph thirty eight (38), except admit that the form closing documents and a closing checklist were forwarded promptly after

Plaintiff accepted the Loan offer.

39.     Defendant denies the allegations contained in paragraph thirty nine (39), except admits the form loan documents and closing checklist are documents the terms and conditions of which speak for itself and provide the best evidence of its contents.

40.     Defendant denies the allegations contained in paragraph forty (40), except admits that the Plaintiff and Defendant executed a letter modification on April 10, 2012 extending the time of the essence closing date.

41.     Defendant denies the allegations in paragraph forty one (41) , except admit that on April 25, 2012, the parties executed a letter medication extending the time of the essence closing date.

42.     Defendant denies the allegations contained in paragraph forty two (42), except admits that Plaintiff unilaterally forwarded certain signed documents to Defendant without a closing date having been set and without having satisfied all obligations on the closing checklist.

43.     Defendant denies the allegations contained in paragraph forty three (43).

44.     Defendant denies the allegations contained in paragraph forty four (44), except admits that Defendant retained Brazilian counsel.

45.     Defendant denies the allegations contained in paragraph forty five (45), except admits that Defendant retained Brazilian counsel.

46.     Defendant denies the allegations contained in paragraph forty six (46), except admits that Defendant retained Brazilian counsel.

47.     Defendant admits the allegations contained in paragraph forty seven (47).

48.     Defendant admits the allegations contained in paragraph forty eight (48).

49.     Defendant denies the allegations contained in paragraph forty nine (49), except

admits that the CNJP number was required before closing.

50.     Defendant denies the allegations contained in paragraph fifty (50), except admits that the CNJP number was required before closing.

51.     Defendant denies the allegations contained in paragraph fifty one (51), except admits that the CNJP number was required before closing.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifty two (52), and therefore deny same.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifty three (53), and therefore deny same.

54.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifty four (54), and therefore deny same.

55.     Defendant denies the allegations contained in paragraph fifty five (55).

56.     Defendant denies the allegations contained in paragraph fifty six (56), except admit the letter of May 24, 2012 is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

57.     Defendant denies the allegations contained in paragraph fifty seven (57), except admit the letter of May 24, 2012 is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

58.     Defendant denies the allegations contained in paragraph fifty eight (58).

59.     Defendant denies the allegations contained in paragraph fifty nine (59).

60.     Defendant denies the allegations contained in paragraph sixty (60), except admit the letter of June 28, 2012 is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

61.    Defendant denies the allegations contained in paragraph sixty one (61), except admit the letter of June 28, 2012 is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

62.    Defendant denies the allegations contained in paragraph sixty two (62).

63.    Defendant denies the allegations contained in paragraph sixty three (63).

64.    Defendant denies the allegations contained in paragraph sixty five (64), except admit that issues arose which needed to be addressed before a closing could occur when the Plaintiff finally provided a title report on July 30, 2012.

65.    Defendant denies the allegations contained in paragraph sixty five (65), except admit that issues arose which needed to be addressed before a closing could occur when the Plaintiff finally provided a title report on July 30, 2012.

66.    Defendant denies the allegations contained in paragraph sixty six (66), except admit that issues arose which needed to be addressed before a closing could occur when the Plaintiff finally provided a title report on July 30, 2012.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph sixty seven (67), and therefore deny same.

68.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph sixty eight (68), and therefore deny same.

69.    Defendant denies the allegations contained in paragraph sixty nine (69), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

70.    Defendant denies the allegations contained in paragraph seventy (70), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the

title report.

71.     Defendant denies the allegations contained in paragraph seventy one (71), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

72.     Defendant denies the allegations contained in paragraph seventy two (72), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

73.     Defendant denies the allegations contained in paragraph seventy three (73), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

74.     Defendant denies the allegations contained in paragraph seventy four (74), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

75.     Defendant denies the allegations contained in paragraph seventy five (75), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

76.     Defendant denies the allegations contained in paragraph seventy six (76), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

77.     Defendant denies the allegations contained in paragraph seventy seven (77), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

78.     Defendant denies the allegations contained in paragraph seventy eight (78),

except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

79. Defendant denies the allegations contained in paragraph seventy nine (79), except admit that Plaintiff and Defendant's counsel discussed how to address certain issues raised in the title report.

80. Defendant denies the allegations contained in paragraph eighty (80).

81. Defendant denies the allegations contained in paragraph eighty one (81), except admit that since borrower was not in position to close the loan, KFF did not expend funds to obtain the CPNJ # which they were advised could be obtained in a couple of days.

82. Defendant denies the allegations contained in paragraph eighty two (82), except admit that since borrower was not in position to close the loan, KFF did not expend funds to obtain the CPNJ # which they were advised could be obtained in a couple of days.

83. Defendant denies the allegations contained in paragraph eighty three (83).

84. Defendant denies the allegations contained in paragraph eighty four (84).

85. Defendant denies the allegations contained in paragraph eighty five (85), except admit that since borrower was not in position to close the loan, KFF did not expend funds to obtain the CPNJ # which they were advised could be obtained in a couple of days.

86. Defendant denies the allegations contained in paragraph eighty six (86), except admit that KFF continued to communicate with the Plaintiff after August 2, 2012.

87. Defendant denies the allegations contained in paragraph eighty seven (87), except admit that KFF continued to communicate with the Plaintiff after August 2, 2012.

88. Defendant denies the allegations contained in paragraph eighty eight (88), except admit that KFF made proposals to the Plaintiff on how to reinstate the loan commitment and

proceed.

89.     Defendant denies the allegations contained in paragraph eighty nine (89), except admit that KFF made proposals to the Plaintiff on how to reinstate the loan commitment and proceed.

90.     Defendant denies the allegations contained in paragraph ninety (90), except admit that KFF made proposals to the Plaintiff on how to reinstate the loan commitment and proceed.

91.     Defendant denies the allegations contained in paragraph ninety one (91).

92.     Defendant denies the allegations contained in paragraph ninety two (92), except admit that KFF continued to discuss with the Plaintiff on how the parties could reinstate the loan commitment and proceed.

93.     Defendant admits the allegations contained in paragraph ninety three (93).

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ninety four (94), and therefore deny same.

## COUNT I

95.     Defendant admits and denies the allegations of paragraph ninety five (95) as have been admitted and denied above.

96.     Defendant denies the allegations contained in paragraph ninety six (96), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

97.     Defendant denies the allegations contained in paragraph ninety seven (97).

98.     Defendant denies the allegations contained in paragraph ninety eight (98).

99.     Defendant denies the allegations contained in paragraph ninety nine (99).

100.    Defendant denies the allegations contained in paragraph one hundred (100).

WHEREFORE the Defendant demands judgment dismissing Count One together with costs of suit.

## COUNT II

101.    Defendant admits and denies the allegations of paragraph one hundred one (101) as have been admitted and denied above.

102.    Defendant denies the allegations contained in paragraph one hundred two (102), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

103.    Defendant denies the allegations contained in paragraph one hundred three (103), except admit that New Jersey law governs the transaction.

104.    Defendant denies the allegations contained in paragraph one hundred four (104), except admit that New Jersey law governs the transaction.

105.    Defendant denies the allegations contained in paragraph one hundred five (105).

106.    Defendant denies the allegations contained in paragraph one hundred six (106).

WHEREFORE the Defendant demands judgment dismissing Count Two together with costs of suit.

## COUNT III

107.    Defendant admits and denies the allegations of paragraph one hundred seven (107) as have been admitted and denied above.

108.    Defendant denies the allegations contained in paragraph one hundred eight (108).

109.    Defendant denies the allegations contained in paragraph one hundred nine (109).

110.    Defendant denies the allegations contained in paragraph one hundred ten (110).

111.    Defendant denies the allegations contained in paragraph one hundred eleven (111).

WHEREFORE the Defendant demands judgment dismissing Count Three together with costs of suit.

## COUNT IV

112.    Defendant admits and denies the allegations of paragraph one hundred twelve (112) as have been admitted and denied above.

113.    Defendant denies the allegations contained in paragraph one hundred thirteen (113), except admit the Borrower paid some of the fees required to be paid under the terms of the Loan Commitment.

114.    Defendant denies the allegations contained in paragraph one hundred fourteen (114), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

115.    Defendant denies the allegations contained in paragraph one hundred fifteen (115), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

116.    Defendant denies the allegations contained in paragraph one hundred sixteen (116).

117.    Defendant denies the allegations contained in paragraph one hundred seventeen (117).

WHEREFORE the Defendant demands judgment dismissing Count Four together with costs of suit.

## COUNT V

118.    Defendant admits and denies the allegations of paragraph one hundred eighteen (118) as have been admitted and denied above.

119.    Defendant denies the allegations contained in paragraph one hundred nineteen (119).

120.    Defendant denies the allegations contained in paragraph one hundred twenty (120).

121.    Defendant denies the allegations contained in paragraph one hundred twenty one (121).

122.    Defendant denies the allegations contained in paragraph one hundred twenty two (122).

123.    Defendant denies the allegations contained in paragraph one hundred twenty three (123).

WHEREFORE the Defendant demands judgment dismissing Count Five together with costs of suit.

## COUNT VI

124.    Defendant admits and denies the allegations of paragraph one hundred twenty four (124) as have been admitted and denied above.

125.    Defendant admits the allegations contained in paragraph one hundred twenty five (125), except deny that the New Jersey Consumer Fraud Act applies to the transaction between Plaintiff and Defendant.

126.    Defendant denies the allegations contained in paragraph one hundred twenty six (126).

127.    Defendant denies the allegations contained in paragraph one hundred twenty seven (127).

128.    Defendant denies the allegations contained in paragraph one hundred twenty eight (128).

129.    Defendant denies the allegations contained in paragraph one hundred twenty nine (129).

130.    Defendant denies the allegations contained in paragraph one hundred thirty (130).

WHEREFORE the Defendant demands judgment dismissing Count Six together with costs of suit.

## FIRST AFFIRMATIVE DEFENSES

Plaintiff failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSES

Plaintiff is barred from recovery of any sum in excess of the paid portion of the commitment fee under the theory of estoppel.

## THIRD AFFIRMATIVE DEFENSES

Plaintiff is barred from recovery of any sum in excess of the paid portion of the commitment fee under the theory of waiver.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff, KFF, with its principal place of business located at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey 07632, by way of counterclaim against Plaintiff, DLT, and Third Party Defendants, Dean Thomas ("Thomas") and Paul Telfer,

("Telfer"), hereby says as follows:

1.     Defendant is a Lender having its principal place of business at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey 07632.

2.     Plaintiff, having an address at Secure House Manders Estate, Old Heath Road, Wolverhampton, Country of England, was a prospective Borrower.

3.     Thomas, having an address at Tubden, Lawnswood Drive, Lawnswood, Stourbridge, West Midlands, Country of England, is the General Partner of Plaintiff and a Guarantor.

4.     Telfer, having an address at Windy Ridge, Glossop Road, Marple Bridge, Stockport, Cheshire, Country of England, is a Guarantor.

5.     On or about March 2, 2012, Plaintiff, as Borrower, Thomas and Telfer, individually and as Guarantors, and Defendant, as Lender, executed a certain Loan Commitment.

6.     The Loan Commitment Agreement provided that upon execution of the Loan Commitment Agreement, KFF was entitled to a commitment fee in the sum of $110,000.00, which sum was agreed upon to be earned and non-refundable upon execution of the Loan Commitment.

7.     In accordance with the terms of the Loan Commitment, and in consideration of Plaintiff agreeing to the choice of forum clause, waiver of trial by jury clause, and limitation of damages clause, among other things, Defendant agreed to accept the following: $90,000.00 upon signing of the Loan Commitment; and the balance of $20,000.00 to be paid upon closing, or the Borrowers' electing not to proceed to a closing, or upon the Borrowers' default.

8.     After execution of the Loan Commitment, Plaintiff paid to Defendant the sum of $89,965.00.

9. On March 20, 2012, Defendant provided Plaintiff with a Loan Offer in accordance with the terms of the Loan Commitment.

10. On March 27, 2012, Plaintiff accepted the Loan Offer.

11. On March 28, 2012, Plaintiff provided Defendant with a set of standard form loan documents and a closing checklist.

12. On April 10, 2012, the time of the essence closing date was extended by letter agreement to April 19, 2012, time of the essence.

13. On April 19, 2012, the Loan Commitment was again extended by letter agreement to April 25, 2012, time of the essence.

14. On April 25, 2012, the time of the essence closing date was extended by letter agreement to May 1, 2012, time of the essence.

15. On May 24, 2012, after the Loan Commitment had expired by its terms as modified, KFF and DLT agreed to reinstate the Loan Commitment and extend the time of the essence closing date to June 25, 2012 upon payment by DLT of a $30,000.00 extension fee.

16. On May 29, 2012, KFF received $29,965.00.

17. On June 28, 2012, KFF and DLT agreed to extend the time of the essence closing date to July 19, 2012 upon DLT's payment of a $15,000.00 extension fee.

18. On July 13, 2012, KFF received $14,975.00.

19. On July 24, 2012, with the Plaintiff still not having satisfied the requirements to close the loan, DLT and KFF agreed to extend the time of the essence closing date to August 2, 2012.

20. On July 30, 2012, more than four (4) months after receipt of the closing checklist, Plaintiff finally provided Defendants counsel with a title report for the collateral.

21. On August 2, 2012, Plaintiff had still not fulfilled the requirements necessary to close the loan.

22. Thereafter, despite the fact that the Loan Commitment expired by its terms, the Defendant continued to work with the Plaintiff in an effort to close the loan.

23. On September 4, 2012, despite Plaintiff still having not resolved the outstanding title issues, KFF offered to extend the loan commitment on the condition that the collateral be reevaluated since the report upon which the loan offer was made was approximately six (6) months old.

24. Borrower would not agree.

25. As a result of the foregoing, the loan did not close.

26. Based on the foregoing and in accordance with the terms of the Loan Commitment, the balance of the commitment fee in the sum of $20,000.00 became due.

27. To date, Plaintiff, Thomas and Telfer have failed to pay the balance of the commitment fee due in accordance with the terms of the Loan Commitment, which sum remains due and owing.

**WHEREFORE**, Defendant demands judgment, jointly and severally, against Plaintiff, Thomas and Teifer, in the sum of $20,000.000, together with costs of suit and such other and further relief as the Court may deem appropriate and just.

Dated:   March 30, 2016

JORDAN B. DEFLORA, ESQ.
Attorney for Defendant/Third Party Plaintiff
Kennedy Funding, Inc.


BY:   /s Jordan B. DeFlora
Jordan B. DeFlora, Esq.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   March 30, 2016

JORDAN B. DEFLORA, ESQ.
Attorney for Defendant/Third Party Plaintiff
Kennedy Funding, Inc.


BY:   /s Jordan B. DeFlora
        Jordan B. DeFlora, Esq.